FILED

2014 JAN 16 PM 2:58

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Jessica R. Brinson,

    Plaintiff

-v-

OCWEN LOAN AND SERVICING LLC.;

Defendants.

_____/

Case No._____

3:14-cv-90-J-20MCR

# COMPLAINT

Jessica R. Brinson is the Plaintiff in the above styled action proceeding in proper person hereby suing Defendants, OCWEN LOAN SERVICING, LLC individually, jointly and severally, for actual and/or statutory damages, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), and the Florida Consumer Collection Practices Act FLA. STAT. §559 et seq., (Part VI) (FCCPA), and Florida Deceptive and Unfair Practices Act (FDUTPA) FLA. STAT. §501.20491, and hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and/or statutory damages brought by Plaintiff against Defendants for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI) and Florida Deceptive and Unfair Practices Act (FDUTPA) FLA. STAT. §501.20491.

2. Upon information and belief, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to

9. Upon information and belief Defendant, OCWEN LOAN SERVICING, LLC is a known entity holding itself out to be a legitimate business licensed to do business in Florida.

10. Defendant, OCWEN LOAN SERVICING, LLC's is a legal debt collection

11.

## FACTUAL ALLEGATIONS

12. On or about February 2013 Plaintiff Jessica Brinson Received mail from OCWEN LOAN SERVICING LLC at 45 W. 6th street, Jacksonville, Florida 32206, Plaintiff's permanent Address.

13. On April 4th, 2013,Plaintiff mailed, via certified mail, a "debt validation letter" to OCWEN LOAN SERVICING, LLC. In which she requested that OCWEN LOAN SERVICING, LLC validate the debt it was trying to collect.

14. On June 14th, 2013, Plaintiff received a response (see Exhibit A) from Blank and Rome LLP.

15. It was from Mr. Thomas Cialino, who referred to himself, "Counselor at Law" stating that he was representing Homeward Residential, Inc. and American Servicing Inc.

16. He stated that they were writing Plaintiff back on behalf of the current servicer of the loan, OCWEN LOAN SERVICING LLC,for the sole purpose of responding to Plaintiff's April 4th, 2013 communication. (See Exhibit B)

17. This communication that Mr. Thomas Cialino claimed he was responding to was the "debt validation letter" with which Plaintiff had requested validation of the debt (a verification letter is how Mr. Thomas Cialino described it) under the Fair Debt Collection Practices Act.

      Defendants identifying the John Doe(s) and other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendants have violated such laws by invading the Plaintiff's right to privacy, engaging in illegal debt collection and failing to comply with Federal and State law as more fully stated herein.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1692k, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §§1331, 1337, and 1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business in this District, have misrepresented themselves as being legally registered as doing business in Florida and the conduct complained of occurred in this District.

6. This is an action for actual and/or statutory damages which exceed $1,00, 000.00, exclusive of interest and attorney's fees.

7. The Defendants engaged in activity allegedly engaged in a pattern or practice to engage in the collection of a" debt" pursuant to 15 U.S.C. § 1692 a(5): Definition of a "debt" is defined as an obligation for money, goods, insurance, or services for primarily personal, family, or household purposes

## Parties

8. Plaintiff, Jessica R. Brinson, is a natural person and is a resident of the State of Florida.

18. Mr. Thomas Cialino said the debt was evidenced by an adjustable rate note dated January 16th, 2007 in the principle sum of $310,000.00 which was executed by the Borrower in favor of Gateway mortgage Group LLC. {See exhibit C}

19. Mr. Thomas Cialino did not provide Plaintiff any Transaction History of Gateway Mortgage Group LLC or any transfers.

20. Instead, Mr. Thomas Cialino, gave Plaintiff an incomplete transaction history describing only the span of time between February 2013 and May 2013. {See Exhibit D}

21. Plaintiff did also receive a "payoff quote" from OCWEN LOAN SERVICING LLC with a wire Transaction Number to have money deposited into an account at Wells Fargo Bank, N.A. {see Exhibit E}

22. On September 25th, 2013 Mr. Thomas Cialino sent Plaintiff another letter on behalf of Blank and Rome in which he purported to respond to Plaintiff's July 12th 2013 letter but only claiming this time that Bank of America was Plaintiff's servicer

23. This claim made by Mr. Thomas Cialino disturbed Plaintiff completely and left Plaintiff utterly confused as to who is the real lender of record is. {see Exhibit F}

24. Mr. Thomas Cialino said that Plaintiff's prior response to Bank of America, N.A. provided detailed explanations and documentation responsive to each inquiry that was in the scope of 12 U.S.C 2605 and that the information went far beyond that which is available through a verification of debt verification under 15 U.S.C. 1692g or a Qualified written request under 12 U.S.C and said in his letter that if Plaintiff had any questions concerning his letter that Plaintiff should submit any questions to the previous servicer of record.

25. Plaintiff thought this to be extremely odd to submit any matter to Homeward Residential if the loan servicer is indeed Ocwen Loan Servicing LLC; and the fact that he had stated that Ocwen Loan Servicing LLC is not limiting or waving any rights or remedies it may now have or hereafter have whether rising under the loan document, at law or in equity, all of which rights and remedies are expressly reserved was and is also very odd.

26. On September 25th, 2013 Plaintiff Jessica Brinson sent a intent to sue letter out to Ocwen Loan Servicing LLC. {See Exhibit G}

27. Ocwen Loan Servicing LLC had continued to contact Plaintiff via United States mail without having validated or verified the so called debt without any authenticated evidence supporting its alleged right to collect any money from her on behalf of any lender.

28. To date, agents of Ocwen Loan Servicing LLC have named Bank of America to be her Servicer, or lender for plaintiff is still not clear as to what they are saying concerning Bank of America, for she has not received anything from this company via u.s mail

29. Plaintiff also is in receipt of harassing communications, debt collection attempts, from Owen Loan Servicing LLC within the scope of two months after Plaintiff delivered to Owen Loan Servicing LLC her second "debt validation letter" noticing Ocwen Loan Servicing LLC that it had failed to validate the debt and request Ocwen Loan Servicing LLC to cease all communications with Plaintiff. {See Exhibit H} letters dated 8-19-2013, 8-26-2013, 9-13-2013, 9-17-2013

30. OCWEN is actually engaging in fraudulent, unfair, deceptive and dishonest business practices in the State of Florida.

**COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**
**BY DEFENDANT OWEN LOAN SERVICING, LLC**

31. Plaintiff alleges that OWEN LOAN SERVICING, LLC incorporates is the information in paragraphs 1 through 35.

32. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress had declared at 15 U.S.C. § 1692:

   (a) Abusive practices

   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   (b) Inadequacy of laws

   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

33. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

34. Defendantsare "debt collectors" within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

35. Defendants engaged in a debt collection practice in violation of § 1692 d, to wit: "Any conduct the natural consequence of which is to harass, oppress, or abuse any person."

36. Defendants engaged in a debt collection practice in violation of § 1692 e by committing: "Any other false, deceptive, or misleading representation or means in connection with the debt collection."

37. Defendants engaged in a debt collection practice in violation of § 1692 e (2) by misrepresenting to Plaintiff the true "Character, amount, or legal status of the alleged debt."

38. Defendant OWEN LOAN SERVICING, LLC is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

39.

1. Defendants did violate 15 U.S.C § 1692 d Any conduct the natural consequence of which is to harass, oppress, or abuse any person by frustrating them.

2. As a consequence of the acts of the Defendants, Plaintiff JESSICA R. BRINSON is entitled to damages and to relief.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants' OCWEN LOAN SERVICING, LLC for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

### COUNT II
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS OCWEN LOAN SERVICING, LLC

3. Plaintiff alleges and incorporates the information in paragraphs 1 through 46.

4. Plaintiff is a "consumer" within the meaning of §559.55(2).

5. OCWEN LOANS SERVICING, LLC is a "debt collector" within the meaning of §559.55(6).

6. All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

7. All Defendants violated §559.72(15) when they refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents

when requested to do so by a debtor (Plaintiff) from whom she or he is collecting or attempting to collect a consumer debt.

**WHEREFORE**, Plaintiff demands judgment for damages against OCWEN LOANS SERVICING, LLC for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77. Plaintiff respectfully requests that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AS TO ALL DEFENDANTS

8. Plaintiff alleges and OCWEN LOAN SERVICING, LLC incorporates the information in paragraphs 1-52.

9. The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) provides for a civil cause of action for "OCWEN LOAN SERVICING, LLC unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." FLA. STAT. §501.20491 (2005).

10. This is an action for damages pursuant to the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §501.201, et seq.(hereinafter "the Act")

11. The provisions of the Act are to be liberally construed to promote the following policies:

 a. To simplify, clarify, and modernize the law governing consumer protection, unfair trade practices; and

 b. to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or OCWEN LOAN SERVICING, LLC unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. FLA. STAT. §501.202(1) and (2).

12. At all times relevant hereto, Jessica R. Brinson was a "consumer" as defined by FLA. STAT. §501.203(7).

13. At all times relevant hereto, these defendants were engaged in "trade or commerce" as defined by FLA. STAT. §501.203 (8).

14. Either, any, or all of the Defendants in this count failed to observe proper debt collection practices as required by state and federal law.

15. These defendants' violated the Act by engaging in unfair and deceptive acts and practices including, but not limited to:

    a. The Defendants' failed to comply with conditions precedent to collecting a debt as required under State and Federal law.

    b. The Defendants' have no contract with the Plaintiff.

    c. All The Defendants failed to properly observe state and federal debt collection practices.

    d. Plaintiff never received constructive notice of assignment as required by State and Federal law.

16. These Defendants violated the act by engaging the following acts of OCWEN LOAN SERVICING, LLC unconscionable conduct, or unfair deceptive practices in the conduct of trade or commerce. Defendants' claimed to observe federal and state law when they do not.

**WHEREFORE**, Plaintiff incurred a violation of the Florida Deceptive Practices Act as a direct and proximate result of all of the defendant's illegal conduct including frustration and stress caused by the actions perpetuated upon Plaintiff. Attorney's fees and costs are sought

pursuant to FLA. STAT. §501.2105. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

17. Plaintiffs OCWEN LOAN SERVICING, LL Corporate by reference paragraphs 1-61 of this Complaint as though fully stated herein.

18. The Tort of Invasion of Privacy by Intrusion upon Seclusion is a common law cause of action by virtue of the U.S. Constitution, 4th Amendment, which guarantees citizens to be secure in their own persons, houses, papers, and effects without unnecessary intrusion or invasion of their privacy.

19. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion, privacy and or private concerns or affairs of the Plaintiff when engaging in the above described collection practices without legal justification therefor.

20. Defendants intentionally caused harm to Plaintiff's solitude, emotional wellbeing by engaging in highly offensive conduct in the course of collecting this alleged debt thereby invading and intruding upon Plaintiff's right to privacy and solitude.

21. Plaintiff had a reasonable expectation of privacy in Plaintiff's privacy, solitude, seclusion, and or private concerns or affairs and papers.

22. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

23. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

# SETTLEMENT OFFER

**WHEREFORE,** Plaintiff respectfully requests that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, and costs against all defendants.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this __16__ of January, 2014

*Jessica Brinson*
Jessica Brinson, Plaintiff, Pro Se
45 West 6th Street
Jacksonville, Florida 32210
Phone # 904-566-7667
Email:jessicahairweavegallery@yahoo.com